UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN BINDOM** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 15-340-SDD-RLB** |
| **EAST BATON ROUGE PARISH SHERIFF'S OFFICE, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 11, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN BINDOM** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 15-340-SDD-RLB** |
| **EAST BATON ROUGE PARISH SHERIFF'S OFFICE, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiffs' Motion to Remand. (R. Doc. 3). The motion is opposed. (R. Doc. 5). For the following reasons, the undersigned recommends that Plaintiffs' motion should be **DENIED**.

## I. Background and Procedural History

On October 3, 2014, Melvin Bindom ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana alleging that the East Baton Rouge Sheriff's Office and Dillard Department Stores, Inc. wrongly arrested and incarcerated him on charges of theft. (R. Doc. 1-2 at 1-4, "Petition"). The Petition alleges that Plaintiff "was incarcerated for approximately four months until his release on February 12, 2014 upon a determination that he had been misidentified and that there was insufficient evidence to maintain his imprisonment." (Petition, ¶ 3). Plaintiff alleges that his wrongful "arrest and incarceration" and the resulting damages were the result of the "negligence" of the named defendants. (Petition, ¶¶ 4-5). Plaintiff alleges that he "suffered extreme emotional distress, public embarrassment and humiliation, and loss of enjoyment of life, among other damages to be proven at the trial of this matter." (Petition, ¶ 8). Finally, Plaintiff alleges that he is entitled "to recover damages in

accordance with law, including all special and general damages contemplated under Louisiana law." (Petition, ¶ 9).

On January 5, 2015, Plaintiff filed a Supplemental and Amending Petition for Damages naming as defendants Sheriff Sid. J. Gautreaux, III, Deputy David Moran, and Derrick Zmarquest McNeil, an employee of Dillard Department Stores, Inc. (R. Doc. 1-2 at 6-8, "Amended Petition"). As in the original Petition, Plaintiff alleges in the Amended Petition that his wrongful "arrest and incarceration" and the resulting damages were the result of the "negligence" of the newly named defendants. (Amended Petition, ¶¶ 4, 8). In addition, Plaintiff added a new paragraph to the Amended Petition alleging that Sheriff Gautreaux and Deputy Moran "were acting under the color and authority of state law and in their official capacity for their employer," East Baton Rouge Parish Sheriff's Office, which "is vicariously liable jointly and/or in solido under the doctrine of respondeat superior for the negligent acts of its employees," Sheriff Gautreaux and Deputy Moran. (Amended Petition, ¶ 4a).

On February 11, 2015, Plaintiff filed a Second Amending and Supplemental Petition for Damages substituting all references to Dillard Department Stores, Inc. with Higbee Lancoms, LP. (R. Doc. 1-2 at 25-26). This pleading did not make any changes relevant to the pending motion to remand.[1]

On April 27, 2015, Plaintiff filed (and served the Defendants) a Third Amending and Supplemental Petition for Damages. (R. Doc. 1-2 at 47-51, "Third Amended Petition"). Through this pleading, Plaintiff deleted all references to East Baton Rouge Parish Sheriff's Office as a defendant and replaced those references with Sheriff Gautreaux. (Third Amended Petition, ¶ 1).

---

[1] Plaintiff specifically excludes the Second Amended Petition from its discussion in support of the Motion to Remand. (R. Doc. 3-1 at 3 n. 1).

2

Plaintiff also amended Paragraph 4 of his previous pleading to state that "[a] cause of the institution and maintenance of criminal proceedings against Plaintiff and the resulting civil damages and **deprivation of constitutional rights** to Plaintiff was the negligence and/or wanton and reckless conduct of Defendant" Deputy Moran. (Third Amended Petition, ¶ 5) (emphasis added). Plaintiff further prayed, for the first time, to recover damages, including any and all damages contemplated under Louisiana law and/or **federal law including 42 U.S.C. § 1983**. . . ." (Third Amended Petition, ¶ 9) (emphasis added).

On May 27, 2015, defendants Sheriff Gautreaux and Deputy Moran (collectively, the "Removing Defendants") filed a Notice of Removal alleging that this court had federal question jurisdiction. (R. Doc. 1). The Removing Defendants allege that the removal was timely because it was made within 30 days of their "receipt of a copy of Plaintiff's Third Amending and Supplemental Petition for Damages. . . ." (R. Doc. 1 at 2).

On June 25, 2015, within 30 days of removal, Plaintiff filed the instant Motion to Remand on the basis that the removal was procedural defective as removal was not made within 30 days of service of the initial Petition or first Amended Petition. (R. Doc. 3).

## II.  Arguments of the Parties

Plaintiff argues that, pursuant to 28 U.S.C. § 1446(b)(1), the Removing Defendants had to remove the action within 30 days of service of the original Petition, which Plaintiff alleges occurred on January 14, 2015. (R. Doc. 3-1 at 2).[2] Based on the foregoing, Plaintiff argues the right to removal expired on February 13, 2015. (R. Doc. 3-1 at 2). Plaintiff argues that the original Petition "established claims sounding in a deprivation of civil rights" that triggered the deadline

---

[2] In support of this assertion, Plaintiff references an attachment called "Service Information, Exhibit C" but no such attachment was made to the Motion to Remand.

for removal. (R. Doc. 3-1 at 2). Plaintiff then argues that, under Louisiana pleading standards, the allegations in the original Petition sufficiently raised a claim pursuant to 28 U.S.C. § 1983. (R. Doc. 3-1 at 5-8). In addition to seeking remand, Plaintiff requests recovery of costs incurred in bringing the motion. (R. Doc. 3-1 at 7).

In opposition, the Removing Defendants argue that the removal was timely, as it was made within 30 days of the filing of Plaintiff's Third Amended Petition. (R. Doc. 5 at 3-4). The Removing Defendants argue that Plaintiff's previous pleadings "contained only allegations of state law negligence-based causes of action for false arrest and imprisonment." (R. Doc. 5 at 3). The Removing Defendants argue that under the well-pleaded complaint rule, no federal cause of action was alleged (and, therefore, no federal jurisdiction could attach) until plaintiff actually alleged violations of his constitutional rights in his Third Amended Petition. (R. Doc. 5 at 5-8). Finally, the Removing Defendants argue that even if Plaintiff's motion is granted, their removal was objectively reasonable, and the request for costs should be denied.

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543

F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446(b), are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

> order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3).

### B. Whether Removal was Timely

There is no dispute between the parties that the court has federal question jurisdiction over this action. The only issue is whether the Removing Defendants timely removed the action pursuant to the 30-day deadlines provided by 28 § 1446(b). The court must consider, therefore, which of Plaintiff's several pleadings first alleges a federal cause of action sufficient to trigger a removal deadline.

Plaintiff's original Petition does not allege a federal cause of action. The Petition makes no reference to constitutional violations, much less a violation of the United States Constitution. The Petition makes no mention of the federal civil rights statute, 42 U.S.C. § 1983, or any other causes of action brought under federal law. At most, the original Petition alleges causes of action for wrongful arrest and malicious prosecution under Louisiana law. (Petition, ¶¶ 4-5, 8-9). Accordingly, service of the initial Petition did not trigger the 30-day removal period pursuant to 28 U.S.C. § 1446(b)(1).

Similarly, Plaintiff's Amended Petition does not allege a federal cause of action. At most, the Amended Petition added as defendants Sheriff Gautreaux and Deputy Moran, and alleges negligence claims against them under Louisiana law. (Amended Petition, ¶¶ 4, 8). Plaintiff also alleges that Sheriff Gautreaux and Deputy Moran "were acting under the color and authority of state law and in their official capacity for their employer" for the purpose of alleging that East Baton Rouge Parish Sheriff's Office is vicariously liable for their acts. (Amended Petition, ¶ 4a). As with the original Petition, however, the Amended Petition makes no mention of the federal civil

6

rights statute, 42 U.S.C. § 1983, or any other causes of action brought under federal law. Accordingly, service of the Amended Petition did not trigger the 30-day removal period pursuant to 28 U.S.C. § 1446(b)(1).

This conclusion is consistent with a recent decision by the Fifth Circuit in which the court had to determine whether an original state court petition alleging a "violation of [the plaintiff's] civil and constitutional rights" and that the defendants "acted under color of law," but did "not allege any specific claim under § 1983 or a violation of the United States Constitution," was sufficient to trigger the 30-day period for removal ~~pursuant~~ to 28 U.S.C. § 1446(b)(1). *Cevallos v. Silva*, 541 Fed. App'x 390, 393 (5th Cir. 2013). The Fifth Circuit concluded that these allegations in the original petition were "too ambiguous to establish federal question jurisdiction definitely," and in light of the well-pleaded complaint rule, the defendants did not have a duty to remove within 30-days of service of the original petition. *Id*. Instead, the 30-day removal period was triggered pursuant to 28 U.S.C. § 1446(b)(3) when the plaintiff made a verbal statement on the record during a state court hearing that he was pursuing a claim under 42 U.S.C. § 1983. *Cevallos v. Silva*, No. 12-cv-45, ECF No. 38 (W.D. Tex. June 27, 2012), *affirmed*, 541 Fed. App'x 390 (5th Cir. 2013).

Based on the record, the 30-day removal period was not triggered until Plaintiff served the Third Amended Petition on the Removing Defendants. Prior to that pleading, Plaintiff had not specifically alleged that Plaintiff was seeking recovery for his "deprivation of constitutional rights" and pursuant to "federal law including 42 U.S.C. § 1983." (Third Amended Petition, ¶¶ 5-9). Accordingly, the Third Amended Petition is as an "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §

7

1446(b)(3). The Removing Defendants removed within 30 days after being served the Third Amended Petition. Accordingly, the removal was timely.

Based on the foregoing, Defendant's removal of this action was timely pursuant to 28 U.S.C. § 1446(b)(3). The court should retain subject-matter jurisdiction over this action.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 3) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 11, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**